UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANNA MASSAQUOI,<br><br>    Petitioner,<br><br>  v.<br><br>LEONARD J. ODDO, et al.,<br><br>    Respondents. | CIVIL ACTION NO. 3:22-CV-01899<br><br>(MEHALCHICK, M.J.) |

### MEMORANDUM

This is a habeas corpus proceeding initiated by Manna Massaquoi ("Petitioner"), who represents that he is a citizen of Liberia. (Doc. 1, at 3). Presently before the Court are two emergency motions filed by Petitioner, seeking a stay of his removal from the United States and a request to reopen his order of removal *sua sponte*. (Doc. 2; Doc. 3). Because this Court lacks jurisdiction to grant the relief that the Petitioner seeks in these motions, the motions will be **DENIED.** (Doc. 2; Doc. 3).

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On November 30, 2022, Petitioner initiated this habeas corpus proceeding, challenging his immigration detention and arguing that he should be released. (Doc. 1, at 5-7). Petitioner is an immigration detainee currently in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") and is held at Moshannon Valley Processing Center in Philipsburg, Pennsylvania. (Doc. 1). On December 13, 2022, Petitioner filed a motion for leave to proceed *in forma pauperis*.[1] (Doc. 10)

---

[1] The Court grants Petitioner's for leave to proceed *in forma pauperis* in a separate order.

On July 16, 2012, in Pennsylvania State Court, Petitioner was convicted of aggravated assault, simple assault, recklessly endangering another person, terroristic threat, and possession of instrument of a crime.[2] On March 19, 2014, an immigration judge ordered Petitioner's removal to Liberia on the grounds that he had been convicted of a crime. (Doc. 2, ¶ 13). According to Petitioner, Immigration and Customs intends to remove Petitioner once it obtains travel documents from the Liberia Consult. (Doc. 1, ¶¶ 17-19).

## II.  DISCUSSION

Under the Real ID Act of 2005, an order of removal may only be judicially reviewed through a petition for review filed with the appropriate court of appeals. Real ID Act of 2005, Pub. L. No. 109-13, sec. 106, § 242, 119 Stat. 231 (codified as amended at 8 U.S.C. § 1252 (2018)). This court does not have the jurisdiction to review a final removal order. *See, e.g.*, *Merritt v. U.S. Immigration & Customs Enf't*, 737 F. App'x 66, 68 (3d Cir. 2018) (noting that "the District Court lacked jurisdiction" to consider habeas corpus petition challenging removal order); *Khouzam v. Attorney General of U.S.*, 549 F.3d 235, 244 (3d Cir. 2008) (noting

---

[2] The Court takes judicial notice of the state court docket *Commonwealth v. Massaquoi*, CP-51-CR-0003006-2010 (Philadelphia County C.C.P.). *In re Congoleum Corp.*, 426 F.3d 675, 679 n.2 (3d Cir. 2005) (taking judicial notice of "state court proceedings insofar as they are relevant"); *see, e.g., In re Trichilo*, 540 B.R. 547, 549 (Bankr. M.D. Pa. Nov. 16, 2015) (taking judicial notice of an underlying case's docket); *Mollett v. Leith*, No. 09-1192, 2011 WL 5407359, at *2 (W.D. Pa. Nov. 8, 2011) ("A court may also take judicial notice of the docket in Plaintiffs' underlying criminal trial."), *aff'd sub nom. Mollett v. Leicth*, 511 F. App'x 172 (3d Cir. 2013); *Carroll v. Prothonotary*, No. 08-1683, 2008 WL 5429622, at *2 (W.D. Pa. Dec. 31, 2008) (taking judicial notice of court records and dockets of federal district courts).

2

that the Real ID Act removed district courts' habeas corpus jurisdiction over petitions challenging removal orders); *Zubrytskyy v. Doll*, No. 1:18-CV-02239, 2019 WL 1227459, at *2 (M.D. Pa. Mar. 15, 2019) ("[F]ederal district courts have no jurisdiction over any claims asserted by aliens challenging their underlying removal orders."); *Shafer v. Bureau of Immigration & Customs Enf't,* No. 3:07-CV-00264, 2007 WL 1217692, at *4 (M.D. Pa. Feb. 22, 2007) (recommending dismissal of habeas petition challenging removal order for lack of jurisdiction)*, report and recommendation adopted*, No. 3:07-CV-00264, 2007 WL 1217692, at *3 (M.D. Pa. Apr. 24, 2007). Accordingly, since this Court cannot exercise habeas corpus jurisdiction over a final removal order, the court also does not have the jurisdiction to stay an order of removal. *See, e.g.*, *Reddi v. Lowe*, No. 3:11-CV-00488, 2011 WL 1398486, at *4 n.3 (M.D. Pa. Apr. 13, 2011) ("[W]e find that we have no jurisdiction to enjoin the Respondents from executing a removal order."); *Charles v. Bice*, No. 4:06-CV-02316, 2007 WL 88213, at *1 (M.D. Pa. Jan. 9, 2007) (finding that court lacked jurisdiction to issue stay of removal under Real ID Act).

In this case, the Petitioner is requesting this Court to do something that it is without legal authority to do: stay his removal from the United States while he attempts to litigate his removal and criminal proceedings. (Doc. 2, at 6-7); (Doc. 3, at 6-7). Because the court lacks jurisdiction to grant the relief Petitioner seeks, his emergency motions for a stay of removal and reopen must be denied.[3] *Zubrytskyy,* 2019 WL 1227459, at *2; *see also*

---

[3] Petitioner indicates that he filed a timely immigration appeal on or before April 18, 2014, that was denied. (Doc. 3, ¶ 13). Petitioner also states that he filed another appeal on

*Hutchinson v. Dep't of Homeland Sec.*, No. 1:19-CV-541, 2020 WL 1228774, at *3 (M.D. Pa. Jan. 21, 2020), *report and recommendation adopted*, No. 1:19-CV-541, 2020 WL 1183389 (M.D. Pa. Mar. 12, 2020) (concluding petitioner's complaint failed as a matter of law where petitioner's complaint expressly requested the Court to strike the removal order entered against him in deportation proceedings).

### III. CONCLUSION

For the foregoing reasons, the Petitioner's emergency motions for a stay of his removal and motion to reopen *sua sponte* are **DENIED**. (Doc. 2; Doc. 3).

An appropriate Order will follow.

**BY THE COURT:**

**Dated: June 9, 2023**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**

---

September 9, 2022, to the Board of Immigration Appeals ("BIA") but yet not received any response. (Doc. 1, ¶ 17). The outcome of that motion to reopen may be subject to judicial review if the BIA applies the wrong legal standard. Circuit courts have jurisdiction over final orders of the BIA under 8 U.S.C. § 1252(a)(1). *See Garcia v. Att'y Gen.*, 665 F.3d 496, 502 n.4 (3d Cir. 2011). While circuit courts generally lack jurisdiction to review a BIA decision declining to exercise its discretion to *sua sponte* reopen a removal proceeding, *see Calle-Vujiles,* 320 F.3d at 475, the circuit court "may exercise jurisdiction to the limited extent of recognizing when the BIA has relied on an incorrect legal premise," *Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2011). "In such cases the circuit court can remand to the BIA so it may exercise its authority against the correct legal background." *Pllumi,* 642 F.3d at 160 (quotation marks omitted). Thus, the circuit court may review legal questions concerning the interpretation of the INA de novo. *Roye v. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2012); *see also Aristy-Rosa v. Attorney General United States,* 994 F.3d 112, 114 (3d Cir. 2021).